ELECTRONICALLY FILED
Oct 09 2020
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| JOHNNY NICHOLSON, | ) | CASE NO.:   3:20-CV-197 |
| | ) | |
| *Plaintiff,* | ) | JUDGE:   Groh |
| | ) | |
| v. | ) | |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| d/b/a LOWE'S HOME IMPROVEMENT, | ) | |
| STORE #0627, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

### LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Lowe's Home Centers, LLC ("Lowe's") hereby removes this civil action from the Circuit Court of Berkeley County, West Virginia, to the United States District Court for the Northern District of West Virginia.  In support of this Notice of Removal, Lowe's states that this Court has diversity jurisdiction over this action and pleads as follows:

**I.   SUMMARY OF CASE**

1.   On or about June 5, 2020, Plaintiff commenced this action by filing a Complaint against Lowe's in the Circuit Court of Berkeley County, West Virginia, Civil Action No. 20-C-131, a true and correct copy of which is attached as *Exhibit 1*.  Service was effectuated upon Lowe's designated agent for service of process on September 10, 2020.

2.   Plaintiff Johnny Nicholson alleges that on or about October 29, 2018, while shopping at the Lowe's store in Martinsburg, he was injured when shelving came loose and fell towards him, causing him to stumble backwards and hit a pallet truck parked in the aisle.  Compl.

¶¶ 8–10. Plaintiff alleges that, as a direct result of this impact, he sought medical attention and treatment. Compl. ¶ 15.

3. Plaintiff's Complaint alleges one count of negligence and one count of vicarious liability of Lowe's for the negligence of its employees.

4. In the prayer for relief, Plaintiff requests compensatory damages and special damages, including damages for medical expenses, lost wages, and lost earning capacity. Plaintiff also demands relief for his costs, fees, and interest.

## II. DIVERSITY JURISDICTION EXISTS

5. As set forth below, this is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed by Lowe's pursuant to 28 U.S.C. § 1441. The dispute is between citizens of different states. Furthermore, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. There is Complete Diversity Between the Parties

6. Upon information and belief, Plaintiff Johnny Nicholson is a citizen of Virginia. Compl. ¶ 1.

7. Lowe's is a North Carolina limited liability company with its principal office in North Carolina. All of Lowe's members are citizens of North Carolina. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . .").

8. Complete diversity exists as required by 28 U.S.C. § 1332 because Plaintiff is a citizen of Virginia and Lowe's is a citizen of North Carolina.

11808749

### B.     The Amount in Controversy Requirement is Satisfied

9.      Although the Complaint does not specify the exact amount of damages sought by Plaintiff, the amount in controversy in this case, based on Plaintiff's allegations as pleaded in the Complaint, more likely than not exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

10.     In the notice of removal, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Removal is proper if the removing party can establish by a preponderance of the evidence facts to demonstrate that the amount in controversy exceeds $75,000.  *Virden v. Altria Grp., Inc.*, 304 F. Supp. 2d 832, 847 (N.D. W. Va. 2004).

11.     Plaintiff alleges that, as a result of the incident described in the Complaint, he sustained the following injuries and damages:

   a.   "Substantial" medical expenses, including assessments, diagnostic testing, various therapies, surgical procedures, and other forms of treatment;

   b.   "Substantial" incidental expenses;

   c.   Pain and suffering;

   d.   Lost wages and lost earning capacity; and

   e.   Loss of enjoyment of life, mental anguish, annoyance, and inconvenience.

Compl. ¶¶ 16, 30–31.

12.     Plaintiff alleges that each of the aforementioned injuries and damages will continue to be incurred in the future.  Compl. ¶ 31.

13.     Because Plaintiff seeks relief for medical bills, incidental expenses, lost wages, lost earning capacity, and non-economic damages—all of which are both past and future—it is more

likely than not that the amount in controversy exceeds the jurisdictional amount of $75,000. Therefore, the jurisdictional amount is established for purposes of 28 U.S.C. § 1332(a).

### III.   VENUE IS PROPER

14.   Venue is proper in the Northern District of West Virginia. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

15.   The court from which this matter is being removed, the Circuit Court of Berkeley County, West Virginia, is within the District of this Court.

### IV.   PROCEDURAL REQUIREMENTS

16.   The Complaint was served upon Lowe's via the West Virginia Secretary of State on September 10, 2020, although Lowe's agent for service of process did not receive the Complaint until September 14, 2020. A true and correct copy of all process, pleadings, and orders served upon Lowe's, including the Complaint, is attached as *Exhibit 1*. A true and correct copy of the state court docket sheet is attached as *Exhibit 2*.

17.   This notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days after receipt by Lowe's, through service or otherwise, of a copy of the initial pleading.

18.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of Berkeley County, West Virginia.

19.   No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby preserved.

20.   If any question arises as to the propriety of the removal of this action, Lowe's

requests the opportunity to present a brief and oral argument in support of its position that this case was properly removed.

21.     Lowe's will request that the Clerk of the Circuit Court of Berkeley County, West Virginia, submit a certified copy of the entire state court record to this Court for filing.

WHEREFORE, Lowe's hereby removes this action from the Circuit Court of Berkeley County, West Virginia, to the United States District Court for the Northern District of West Virginia.

| | |
|---|---|
| **STEPTOE & JOHNSON PLLC**<br>**Of Counsel** | /s/ Shaina L. Richardson<br>Monté L. Williams (WV Bar # 9526)<br>Shaina L. Richardson (WV Bar # 12685)<br>1000 Swiss Pine Way, Ste. 200<br>Post Office Box 1616<br>Morgantown, WV 26507-1616<br>Telephone: (304) 598-8000<br>Facsimile: (304) 598-8116<br>monte.williams@steptoe-johnson.com<br>shaina.richardson@steptoe-johnson.com<br>*Counsel for Lowe's Home Centers, LLC* |

11808749

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **JOHNNY NICHOLSON,** | ) CASE NO.: 3:20-CV-197 |
| *Plaintiff,* | ) JUDGE: Groh |
| v. | ) |
| **LOWE'S HOME CENTERS, LLC,** d/b/a **LOWE'S HOME IMPROVEMENT,** STORE #0627, | ) |
| *Defendant.* | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, I electronically filed the foregoing ***"Lowe's Home Centers, LLC's Notice of Removal"*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Joseph R. Ferretti, Esq.
Laura Davis, Esq.
Manchin Ferretti, PLLC
408 West King St.
Martinsburg, WV 25401
(304) 264-8505
jferretti@wvjusticelawyers.com
ldavis@wvjusticelawyers.com
*Counsel for Plaintiff*

 */s/ Shaina L. Richardson*
 Shaina L. Richardson (WV Bar # 12685)

6

11808749