

**LDD / ALL**
**Transmittal Number: 22022228**
**Date Processed: 09/15/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number  2515365 |
| **Entity Served:** | Lowe's Home Centers, LLC |
| **Title of Action:** | Johnny Nicholson vs. Lowes Home Centers, LLC d/b/a Lowes Home Improvement, Store #0627 |
| **Matter Name/ID:** | Johnny Nicholson vs. Lowes Home Centers, LLC d/b/a Lowes Home Improvement, Store #0627 (10507644) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Berkeley County Circuit Court, WV |
| **Case/Reference No:** | CC-02-2020-C-131 |
| **Jurisdiction Served:** | West Virginia |
| **Date Served on CSC:** | 09/14/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Secretary Of State |
| **How Served:** | Certified Mail |
| Sender Information: | Joseph R. Ferretti<br>304-264-8505 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT

_____ 1

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:**  304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

USPS CERTIFIED MAIL™



**9214 8901 1251 3410 0002 7646 51**

LOWE'S HOME CENTERS, LLC
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

| | |
|---|---|
| **Control Number:** 262815 | **Agent:** Corporation Service Company |
| **Defendant:** LOWE'S HOME CENTERS, LLC<br>209 West Washington Street<br>Charleston, WV 25302 US | **County:** Berkeley |
| | **Civil Action:** 20-C-131 |
| | **Certified Number:** 92148901125134100002764651 |
| | **Service Date:** 9/10/2020 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office.**

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 6/5/2020 3:12 PM
CC-02-2020-C-131
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA

**Johnny Nicholson v. Lowes Home Centers, LLC d/b/a Lowes Home Improvement,Store #0627, a foreign corp**

Service Type:   Plaintiff - Secretary of State

NOTICE TO:   Lowes Home Centers, LLC d/b/a Lowes Home Improvement,Store #0627, a foreign corp, Corporation Service Company, 209 West Washington Street, Charleston, WV 25302

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Joseph Ferretti, 408 W King St, Martinsburg, WV 25401

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 6/5/2020 3:12:11 PM | /s/ Virginia Sine |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

FILED 10/5/2020 3:12 PM
CC-02-2020-C-131
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

**JOHNNY NICHOLSON,**

      **Plaintiff,**

v.                                **Civil Action No. 20-C-_____**

**LOWES HOME CENTERS, LLC d/b/a**
**LOWES HOME IMPROVEMENT, STORE #0627,**
**a foreign corporation,**

      **Defendant.**

## COMPLAINT

COMES NOW, the Plaintiff, by and through his undersigned counsel, and for his claims and causes of action against the Defendant Lowes Home Centers, LLC, d/b/a Lowes Home Improvement, Store #0627, he does hereby allege as follows:

### The Parties

1.     Plaintiff Johnny Nicholson is, and was for all times relevant to this civil action, a resident of Frederick County, Virginia.

2.     Defendant Lowes Home Centers, LLC, d/b/a Lowes Home Improvement, Store #0627 (hereinafter "Lowes") is a foreign corporation licensed and authorized to do business in the State of West Virginia and in the County of Berkeley, with its store located on Apple Harvest Drive in Martinsburg, West Virginia.

3.     Plaintiff Johnny Nicholson's actions include claims of tortious conduct on the part of the management and employees of Lowe's Home Improvement, Store #0627 committed in Berkeley County, West Virginia.  Jurisdiction and venue are proper in the Court as a result.

<u>Facts</u>

4.     On October 29, 2018, Plaintiff Johnny Nicholson, (hereinafter referred to as "the Plaintiff"), was a patron at Lowes, located on Apple Harvest Drive in Martinsburg, West Virginia.

5.     On the date stated hereinabove, the Plaintiff had been shopping in the store and was reaching for a product from a shelf.

6.     Unknown to the Plaintiff, the shelving in the area where the Plaintiff was looking at items for sale was not erected properly and, based upon information obtained after the injury producing event, was supported in a temporary and dangerous manner.

7.     The shelving in question, while supported in a temporary and dangerous manner, was displaying items for sale, including a heavy adhesive tape that the Plaintiff was attempting to retrieve from the shelving to purchase the item.

8.     As the Plaintiff proceeded to retrieve the item from the shelving, the shelving support shifted and the shelfing immediately and without warning came loose and fell towards the Plaintiff, striking him on his knee.

9.     The Plaintiff took a step back to get out of the way of the falling shelving but it and other loose objects fell towards him and to the ground, and further caused the Plaintiff to stumble backwards in an attempt to get out of the way of the falling shelving and items.

10.     The Plaintiff then fell to the floor and as he fell backwards parts of his body struck a pallet truck that was parked in the aisleway.

11.     Defendant Lowes knew, or had reason to know, of the temporary and dangerous manner in which the shelving was supported, thereby creating an unreasonable risk of injury to their patrons, including the Plaintiff, who were shopping in the store.

12.     The Plaintiff had no knowledge or advanced notice of this unreasonable risk and hazard prior to his encountering the improperly secured shelving and prior to him attempting to retrieve a product from the subject shelving.

13.     The Plaintiff was injured to due impacts to his knee and the awkward way his body fell to the floor when he attempted to break his fall, causing further impacts to his upper torso and extremities.

14.     This incident was reported to Lowes on the date and time of the events described herein.

15.     The Plaintiff sought medical attention and treatment on the day after the subject event at a local hospital and has continued with medical assessments, diagnostic testing, various therapies, surgical procedures and other forms of treatment since the date of the injury.

16.     The Plaintiff incurred substantial medical and incidental expenses in his effort to recover.  Additionally, he has endured pain, suffering, a loss of wages and a loss of earning capacity, a loss of enjoyment of life, and additional and assorted related expenses, all of which he expects to continue into the future.

## COUNT I
### Negligence of Defendant Lowes

17.     The Plaintiff restates and realleges all previous numbered paragraphs as if stated herein verbatim.

18.     Defendant Lowes has a business that attracts and invites patrons to its stores and therefore has a duty of reasonable care to all its patrons who enter on its premises to inspect and buy merchandise.

19.     Defendant Lowes breached this duty and was otherwise negligent towards the Plaintiff by failing to adequately instruct, train and supervise its associates so as to erect and

maintain product shelving and to avoid falling merchandise risks that may cause injuries to patrons shopping at the store.

20.     Defendant Lowes breached duties of due care and was otherwise negligent in failing to ensure that shelving was correctly installed in a secure manner and in accordance with the manufacturer's guidelines and generally accepted safety rules for shelving, product display and safety in retails stores.

21.     Defendant Lowes was aware of the hazard and risk its shelving presented to patrons in its store, including the Plaintiff, and was aware that the shelving was not secured or fixed properly and that it could fall.

22.     Defendant Lowes permitted the hazard and risk to remain in an unsafe condition, thereby creating a substantial risk of injury and harm to patrons including the Plaintiff.

23.     As a direct and proximate result of the negligence and breaches of duty by Defendant Lowes the Plaintiff was exposed to and injured by a hazard that was known and appreciable to Defendant Lowes, directly and proximately causing Plaintiff's injuries and damages.

COUNT II
Vicarious Liability of Defendant Lowes for Negligence of Employees

24.     The Plaintiff restates and realleges all previous numbered paragraphs as if stated herein verbatim.

25.     The management and/or employees of Lowes are charged with the responsibility of maintaining safe shelving and product display to ensure the safety of its patrons.

26.     It was within the scope and course of employment with Lowes that the management and/or employees of Lowes were negligent and had breached standards of due care owed to patrons of the store when the shelving was improperly erected and used for product

display, causing a safety risk not readily known or seen by the patrons of Defendant Lowes, including the Plaintiff.

27.     In its capacity as the employer of the  managers and/or employees charged with the responsibility of maintaining safe shelving and produce display to ensure the safety of its patrons, Lowes is vicariously liable for all acts of negligence committed by its employees and management, including those individuals responsible for erecting the shelving and ensuring it is safe for product display.

28.     The managers and employees of Defendant Lowes breached the duties of due care to the Plaintiff by:

a.     failing to adequately inspect, monitor and/or evaluate the risks to patrons of hazardous conditions in the store;

b.     failing to secure the subject shelving and the display items placed on the shelving as required by shelving manufacturer guidelines and instructions and in accordance with workplace standards, including requirements promulgated by the Occupational Safety and Health Administration (OSHA);

c.     failing to warn patrons of a known hazard; and,

d.     failing to otherwise take reasonable steps to protect the public, including the Plaintiff, from hazardous conditions that create unreasonable risks of harm or injury to others.

29.     Defendant Lowes, pursuant to the principle of agency law known as *respondeat superior*, is therefore liable for all breaches of duties and negligence committed by its managers and/or employees that directly and proximately caused the Plaintiff injuries and damages.

## COUNT III
### Damages

30.     The Plaintiff restates and realleges all previous numbered paragraphs as if stated herein verbatim.

31.     As a direct and proximate result of breaches of duties and negligence as stated hereinabove, Lowes is liable for Plaintiff's special damages, including medical expenses, various and numerous related expenses associated with his injuries, a loss of wages and a loss of earning capacity, and for general damages to compensate for pain, discomfort, mental anguish, loss of enjoyment of life, and annoyance and inconvenience.  Plaintiff expects all such harms and losses to be incurred in the future.

32.     All of Plaintiff's claimed injuries and damages are the proximate result of the acts and omissions committed by Lowes and it managers and/or employees and Plaintiff committed no act or omission that caused or contributed to the cause of his claimed injuries and damages.

WHEREFORE, Plaintiff Johnny Nicholson hereby demands judgment against Defendant Lowes Home Centers, LLC, d/b/a Lowes Home Improvement, Store #0627 for damages as alleged, and further demands awards for his costs, fees and interest provided by law for the pursuit of all such damages.

### Jury Demand

Plaintiff hereby demands a jury trial as to all issues triable by a jury.

Plaintiff, By Counsel

Joseph R. Ferretti  #4846
Laura Davis #7801
Manchin Ferretti, PLLC
408 West King St.
Martinsburg, WV  25401
(304) 264-8505
jferretti@wvjusticelawyers.com
ldavis@wvjusticelawyers.com

CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 25311 $ 006.65⁰
02 4W
0000336734 SEP. 10. 2020

1610-00

BUSINESS & LICENSING